McLaughlin and Hastie, Circuit Judges, dissented.

**James Cletus BRANDON**

v.

**YALE & TOWNE MANUFACTURING CO., Appellant.**

**No. 14640.**

United States Court of Appeals
Third Circuit.

Argued Feb. 18, 1964.

Reargued Sept. 17 and Nov. 20, 1964.

Decided March 10, 1965.

Lynn L. Detweiler, Swartz, Campbell & Henry, Philadelphia, Pa. (Howard R. Detweiler, Philadelphia, Pa., on the brief), for appellant.

Herbert F. Kolsby, Davis, Bellis & Kolsby, Philadelphia, Pa. (Alfred Sarowitz, Leon Rosenfield, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN, KALODNER, STALEY, HASTIE, GANEY, SMITH and FREEDMAN, Circuit Judges.

PER CURIAM.

The plaintiff sustained injuries which rendered him permanently quadriplegic when a load of corrugated paper weighing some 800 pounds toppled off a fork lift truck which he was operating and struck him on the back of his neck. The fork lift truck was not equipped with an overhead canopy guard or load back rest which are safety devices intended to protect the truck's operator against

falling cargo. The plaintiff sued the defendant which manufactured and supplied the fork lift truck to his employer, the Industrial Container Corporation, charging that the defendant knew or should have known that the fork lift truck was dangerous for its reasonably expected uses without the safety equipment mentioned. The jury returned a verdict of $250,000 in favor of the plaintiff on its findings that the defendant was negligent and the plaintiff was free of contributory negligence.

The trial judge denied the defendant's motion for judgment notwithstanding the verdict under Rule 50(b), F.R.Civ.P. on the grounds that (1) "there is sufficient evidence with all the reasonable inferences therefrom, taken most favorably to the plaintiff, to uphold this verdict",[1] and (2) failure by the defendant to comply with the provisions of Rule 50(a).

There is no complaint by the defendant-appellant on this appeal of any error in the trial of the case or in the trial court's instructions to the jury. The factual issues to be resolved by the jury were correctly presented to it in precise and sharp focus by the charge of the trial court.

On review of the record we are satisfied that there was evidentiary basis for the jury's verdict.[2] It would serve no useful purpose to review that evidence here. It is set forth in detail in the trial court's careful review and analysis of the testimony. 220 F.Supp. 855, 856–861.

Our view that the evidence supports the jury's finding that the defendant was negligent and the plaintiff was free of contributory negligence,[3] and that the defendant's negligence was the proximate cause of the plaintiff's injuries, makes unnecessary consideration of the second ground for the trial court's denial of the defendant's motion for judgment n. o. v.

For the reasons stated the Judgment of the District Court entered May 2, 1963, pursuant to the jury's verdict in favor of the plaintiff and against the defendant, will be affirmed.

McLAUGHLIN, Circuit Judge (dissenting).

A natural sympathy for the plaintiff in his present physical condition would seem to have unwittingly distorted, one, the basic procedural trial circumstances which existed during the critical period and two, the evaluation of the evidence as it stood at the close of all the testimony.

The first issue is whether the defendant should be barred from presenting its meritorious defense on appeal by the device of foreclosing that defense completely on the theory that it had somehow failed in its admitted specific effort to protect that right. Very briefly the facts are that prior to the closing of plaintiff's testimony, at a conference in the judge's chambers, at which no stenographer was present, defense counsel told the judge he considered that plaintiff had failed to make out a jury case and would move for a dismissal. The judge said he would deny the motion. Later, after plaintiff had rested and a defense witness was on the stand, the attorney for the defendant asked the court to have the record show that he had made a motion for dismissal under Rule 50 which had been denied by the court. This was assented to and taken care of by the court. The trial was then recessed until the following morning. That same afternooon the defense attorney delivered to the judge's chambers a memorandum stating four reasons for dismissal of the suit and supporting au-

---

1. The opinion of the District Court is reported at 220 F.Supp. 855 (E.D.Pa. 1963).

2. Myers v. Reading Company, 331 U.S. 477, 486, 67 S.Ct. 1334, 91 L.Ed. 1615 (1947).

3. The defendant conceded at the argument on his motion for judgment n. o. v. that there was no issue regarding any contributory negligence on the part of the plaintiff.

thority. The next morning at another conference in the judge's chambers, again no stenographer present, the attorney advised the court and plaintiff's counsel that there would be no further defense testimony and gave the court his points for charge which included a request for a directed verdict. As to the latter, the attorney asked the judge if he desired oral argument. The judge said that he did not and that he understood the defense position and would refuse the request for a direction. He denied that request at the conclusion of his charge. None of this is denied by the trial judge or counsel for plaintiff. The court in its supplemental opinion states "It may very well be that counsel for defendant, having at the last moment filed a written memorandum of law covering the entire case and having been informed by the Court, as he states in his affidavit, that his point for binding instructions would be denied, he assumed that the rigid requirements of Rule 50(a) had been met. As stated in our original Opinion and herein, we are powerless to waive the procedural requirements."

In view of all that had gone before, the refusal to allow the defense to argue its 50(a) point as set out in the above quoted last sentence never comes to grips with the real situation before the court. Actually waiver of Rule 50(a) was not involved for compliance with it to the entire satisfaction of the trial judge had been meticulously taken care of by the attorney on behalf of the defendant. The court was in no position to later attempt to reverse its field and deprive the defense of not only its full, fair day in court but to wipe out in toto the defense appeal on the merits.

This brings us to the decisional reason for the majority view which is simply that the majority is " * * * satisfied that there was an evidentiary basis for the jury's verdict." We are not told what that was but are referred to " * * * the trial court's careful review and analysis of the testimony." In his first opinion the district judge says "Simply stated, the defendant argues that it is insulated from liability by *the fact that Y. & T. apprised Industrial (plaintiff's employer) of the danger involved in using this particular fork lift truck in the high stacking operation without the overhead canopy and back rest being attached.*" (Emphasis supplied) As can be gleaned even from the above, the accident occurred solely because plaintiff employee, with the assent of his employer, misused the truck in the identical fashion expressedly warned against by the defendant manufacturer.

We are not dealing with Workmen's Compensation in this appeal but with a tort action for alleged negligence. Plaintiff's severe injury does not make defendant a second class party to the litigation. It is entitled to rely on the trial record. On that record, the evidence does not justify the district court's submission of the case to a jury decision. This is in strict accord with both the law of the place of the accident, Maryland, and of this circuit. Katz v. Arundel-Brooks Concrete Corporation, 220 Md. 200, 151 A.L.R.2d 731, 78 A.L.R.2d 692 (Ct.App.Md. 1959); Smith v. Hobart Mfg. Co., 302 F.2d 570 (3 Cir. 1962); Hopkins v. E. I. Du Pont, 212 F.2d 623 (3 Cir. 1954); Oettinger v. Norton Co., 253 F.2d 712 (3 Cir. 1958).

I would reverse the judgment of the district court and remand the case for entry of judgment in favor of the defendant.

HASTIE, Circuit Judge (dissenting).

Without suggesting any disagreement with the essential reasoning of Judge McLaughlin's dissenting opinion, I wish to add a few observations in support of his view that the evidence in this case does not justify the verdict.

The defendant corporation is a manufacturer. It is said to have been negligent in marketing a lift truck not equipped with any structure which would provide lateral support for a load placed on the lift platform.

The controlling principle of law appears in section 388 of the Torts Restatement, which has been cited with ap-

proval by the highest court of Maryland, the state in which this accident occurred. See Babylon v. Scruton, 1958, 215 Md. 299, 303, 138 A.2d 375, 378. That section reads as follows:

> ### "CHATTEL KNOWN TO BE DANGEROUS FOR INTENDED USE.
>
> "One who supplies directly or through a third person a chattel for another to use, is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be in the vicinity of its probable use, for bodily harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
>
> "(a) knows, or from facts known to him should realize, that the chattel is or is likely to be dangerous for the use for which it is supplied;
>
> "(b) and has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition * * *."

While we have found no Maryland decision directly in point, Katz v. Arundel-Brooks Concrete Corp., 1959, 220 Md. 200, 151 A.2d 731, 78 A.L.R.2d 692, in which the plaintiff suffered burns on his knees caused by kneeling for several hours in ready-mix concrete supplied by the defendant, is suggestive of what the Court might hold if a case like the present one should come before it. Recovery was denied on the ground that the possibly injurious qualities of lime, if not patent, were at least in the realm of common knowledge and that the defendant could not be charged with negligence in supplying the mix without warning purchasers of its harmful possibilities.

Applying section 388 to this case, it is clear that the absence of lateral support and the resultant danger that a stacked load standing loosely on the lift platform would topple and fall from the platform if it should be tilted during lifting, were just as apparent to any user as to the manufacturer. There was no hidden danger or defect here. Indeed, the injured workman admitted that he was aware, as he must have been, that tilting would cause the stacked load of corrugated paper to collapse and fall from the lift.

It seems to me that these facts preclude any finding that the manufacturer was derelict in his duty as defined and limited by section 388(b) of the Torts Restatement. Yet, the jury found that the manufacturer had been negligent, and that the user was not contributorily negligent. It may well have been that the user's employer was negligent in requiring him to use this lift for high stacking. However, the defendant here is not the employer, but the manufacturer, whose liability is limited by the principles stated in section 388.

Accordingly, I think the verdict should not be allowed to stand.