Timothy **WILSON**, a minor by **Robert Wilson**, his natural parent and natural guardian, and **Robert Wilson**, in his own right

v.

**AMERICAN CHAIN & CABLE COMPANY, Inc.**

and

**Robert Wilson and Hugh Lavery.**

**Civ. A. No. 28172.**

United States District Court
E. D. Pennsylvania.

May 20, 1965.

See, also, 216 F.Supp. 32.

Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for plaintiff, Timothy Wilson.

Bernard J. McNulty, Jr., Philadelphia, Pa., for plaintiff, Robert Wilson.

Swartz, Campbell & Detweiler, Philadelphia, Pa., for defendant, American Chain and Cable Co.

Elston C. Cole, Philadelphia, Pa., for Robert Wilson, third-party defendant.

WOOD, District Judge.

■■ The plaintiff, following trial, and after judgment was entered for the defendant on the jury's verdict, has moved for judgment notwithstanding the verdict and in the alternative for a new trial. At the close of all the evidence the plaintiff never moved for a directed verdict under Rule 50(a). This step is mandatory before a jury's findings can be attacked by any post-trial motion.

Brandon v. Yale & Towne Mfg. Co., 220 F.Supp. 855 (E.D.Pa.1963) aff'd per curiam 342 F.2d 519 (3 Cir. 1965). We cannot accord the effect of a directed verdict to the plaintiff's points for charge. Massaro v. United States Lines Co., 307 F.2d 299 (3 Cir. 1962); Eisenberg v. Smith, 263 F.2d 827, 829 (3 Cir. 1959).

After consideration of the plaintiff's motion for new trial we find no merit in the allegations contained therein, and the motion, accordingly, is denied.