472 P.2d 754 (1970)
ARAPAHOE LAND TITLE, INC., a Colorado corporation, Plaintiff in Error,
v.
CONTRACT FINANCING, LTD., a Colorado corporation, Defendant in Error.
No. 70-201. (Supreme Court No. 22988.)
Colorado Court of Appeals, Div. I.
July 21, 1970.
*755 Williams, Taussig & Trine, William D. Neighbors, Boulder, for plaintiff in error.
Eberhardt, Safran & Payne, Robert S. Eberhardt, Hubert Safran, Denver, for defendant in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Contract Financing, defendant in error, sued plaintiff in error, Arapahoe Title, and James Bright for damages for loss of profits from the sale of residential property. The trial court entered judgment in favor of plaintiff against both defendants. Only Arapahoe Title has appealed.
The complaint alleged that Arapahoe Title had issued a title insurance commitment on the property located in Denver, and had negligently failed to show therein violations of the Denver Housing Code. At the end of the trial plaintiff was permitted to add a claim of breach of contract.
The trial court entered an order containing findings of fact that Contract Financing had contracted to purchase the property from Bright; that violations of the Denver Housing Code Denver, Colo., Revised Municipal Code Art. 631 did exist, some of which had been recorded; that a title commitment had been issued by Arapahoe Title which did not list the violations; that Contract Financing did not learn of the violations until after it had accepted the warranty deed; that it had suffered damages totalling $8,002.83; and that, in view of the foregoing, judgment was entered against the defendants, individually and collectively, in that amount.
The trial court did not include in this order or elsewhere any conclusions of law so we cannot determine whether it based its judgment on negligence or on breach of contract. In either case the judgment against Arapahoe Title was erroneous and is reversed.

I
The evidence established that in June, 1963, approximately six months prior to the purchase of the property by Contract Financing, a notice of violations of Article 631 of the Revised Municipal Code of Denver (Housing Code) was recorded in the office of the Denver Clerk and Recorder listing several violations existing in the building on the property. The legal description and address of the property appeared in the notice. The notice was recorded pursuant to Section 1.12-1 of the Code which authorizes the Manager of Health and Hospitals (the administrator of the Code) to so record a notice of violations.
Section 1.3-1 of the Code provides that when a violation is determined to exist, "the manager * * * shall give notice of such alleged violation to the persons who are or may be responsible therefore as enumerated in (d) below. Such notice shall: (a) be in writing; (b) particularize the violations * * *; (c) [provide time to correct the violations]; and (d) be addressed to and served upon the owner of the property, * * * [the operator and, in certain instances, the occupant]." (Emphasis supplied.)
The recorded notice was not addressed to the owner nor to any other person. In this important respect it failed to comply with the ordinance. As a result this "notice" was indexed by the Clerk and Recorder under the name of the Manager of Health and Hospitals in the grantor index and under the name of "Property" in the grantee index. In its search of the records, Arapahoe Title failed to search the indices under the names where the "notice" was indexed. The question before us is whether this failure constituted actionable negligence.
The recording of documents constitutes constructive notice only if it is so *756 provided by statute. Burck v. Taylor, 152 U.S. 634, 14 S.Ct. 696, 38 L.Ed. 578. Further, there must be strict compliance with the provisions of the statute, ordinance or regulation for such notice to be effective. Holly Development, Inc. v. Board of County Commissioners, 140 Colo. 95, 342 P.2d 1032. If the applicable statute or ordinance is not strictly followed, constructive notice cannot be imputed to anyone. In McMinn v. Harrison, 93 Colo. 5, 23 P.2d 944, an unacknowledged document was recorded. The Supreme Court stated,
"Owing to noncompliance with the provisions of the chattel mortgage act [citation], recording added no strength to the weakness of the instrument, and no one was thereby charged with constructive notice of its nature or its contents."
In the present case, the notice was not addressed to the owner of the property as required by Section 1.3-1 of the Denver Code. It therefore could not be indexed in a manner that would reasonably enable persons without actual knowledge of the violations to learn of their existence.
Consequently the notice here is defective under the standard for notice applied in Bank of Marin v. England, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197, wherein that court, in discussing notice of the filing of a petition for bankruptcy, said,
"The kind of notice required is one `reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action.'"
Since such an apprisal is absent under the circumstances of this case, Arapahoe Title cannot be held liable for negligence for failing to discover a "notice" that was not legal notice.
Furthermore, as we hereafter discuss, Arapahoe Title excepted from its contract any coverage of building ordinances and compliance or noncompliance therewith. It assumed no obligation relative thereto. As was stated in Roessler v. O'Brien, 119 Colo. 222, 201 P.2d 901,
"It should be borne in mind that in actions based on negligence there is a general rule that there must be a duty imposed by law and breached by defendant with resultant damages before an action for negligence can be maintained."
Here there was no duty and therefore no negligence.

II
By its commitment Arapahoe Title agreed to issue a title insurance policy "in its usual form." The "usual form", admitted in evidence, contains the following provision:
"7. Nothing contained in this Policy shall be construed as insuring (a) against the consequences of any law, ordinance or governmental regulation (including building and zoning ordinance) limiting or regulating the use or enjoyment of the property * * * or (b) that the building or other erections upon the property comply with State or Municipal laws, regulations and ordinances * * *"
Any liability of Arapahoe Title to Contract Financing must rest upon Arapahoe Title's express or implied contractual obligations to Contract Financing. Peterson v. Gales, 191 Wis. 137, 210 N.W. 407.
Viewed from such perspective, we do not find any basis for liability on the part of Arapahoe Title. Contractually, it agreed only to deliver a title insurance policy in its usual form. It was clearly established here that its usual form of policy did not insure against losses or damages arising from the consequences of governmental action and did not insure that the building complied with the ordinance. There was no express contractual basis for liability. Trenton Potteries Co. v. Title Insurance and Trust Co., 176 N.Y. 65, 68 N.E. 132.
Further, Arapahoe Title had no implied contractual obligation to notify Contract Financing of the building code violations relating to the property described in the title insurance commitment. The obligation Arapahoe Title assumed was to insure *757 title subject to certain exclusions and conditions. Nothing in the record discloses an express or implied undertaking on its part to warrant beyond the terms of its written contract the title Contract Financing might acquire. Trenton Potteries Co. v. Title Insurance and Trust Co., supra.
The judgment against Arapahoe Title is reversed and the cause remanded to the trial court with directions to dismiss the complaint against Arapahoe Title with prejudice and enter judgment accordingly.
ENOCH and PIERCE, JJ., concur.