Louis F. GILMORE, Plaintiff,

v.

LAKE SHORE MOTOR FREIGHT COM-
PANY, a corporation, Defendant.

Civ. A. No. 69–390.

United States District Court,
W. D. Pennsylvania.

Sept. 23, 1971.

Lawrence G. Zurawsky, Louis C. Glas-
so, Pittsburgh, Pa., for plaintiff.

James F. Manley, of Burns, Manley &
Little, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, Chief Judge.

In this case the issue of liability was tried to a jury which returned a verdict in favor of the plaintiff. Judgment was entered in his favor for $7,500, the agreed amount of his damages. The defendant moved for judgment n. o. v. and alternatively for a new trial. We think both motions should be denied.

## MOTION FOR JUDGMENT N. O. V.

At the close of all the evidence, the defendant failed to renew the motion for a directed verdict which it had made at the close of plaintiff's evidence.[1] Such failure precluded granting judgment in favor of defendant notwithstanding the verdict against it. Rule 50(a) (b), Fed.R.Civ.P. The defendant's request for charge that:

"1. Under the law and all the evidence your verdict must be for defendant."

does not have the effect of a motion for a directed verdict. Beebe v. Highland Tank & Manufacturing Company, 373 F.2d 886 (3d Cir. 1967); Massaro v. United States Lines Company, 307 F.2d 299 (3d Cir. 1962); Budge Manufacturing Co. v. United States, 280 F.2d 414 (3d Cir. 1960); Eisenberg v. Smith, 263 F.2d 827 (3d Cir. 1959); Dudding v.

---

1. At the close of plaintiff's evidence, the defendant made an oral motion for a directed verdict. Although not required by Rule 50(a), counsel requested leave to file a written motion for a directed verdict nunc pro tunc (Tr., p. 50), which he did.

Thorpe, 47 F.R.D. 565 (W.D.Pa.1969); Brandon v. Yale & Towne Manufacturing Co., 220 F.Supp. 855 (E.D.Pa.1963).

Even if the question were open, we think the motion should be denied on the merits. The evidence and all reasonable inferences must be accepted in the light most favorable to the plaintiff and against the defendant. Makowsky v. Povlick, 262 F.2d 13 (3d Cir. 1959). The record discloses that plaintiff was a brakeman for the Conemaugh & Black Lick Railroad[2] on the private property of the Bethlehem Steel Company. Trucks enter and exit from a large building on this property. A short distance in front of the building are railroad tracks. A concrete ramp leads from the building entrance to the tracks, and trucks leaving the building must cross the tracks.

At about 1:30 o'clock in the afternoon of the day of the accident the plaintiff uncoupled a draft of cars near the westerly corner of the building and had signaled the conductor, Barnhart, to have the engine pull 10 cars in an easterly direction to clear the truck crossing in front of the building. According to custom, plaintiff followed the last of the 10 cars as they were being pulled over the crossing.

The westerly door of a double door at the entrance was open at substantially right angles to the building and the tracks. As plaintiff was following the last car which was moving over the crossing, and just as he passed the edge of the door, the defendant's truck was driven out of the building. Plaintiff collided with the front side of the truck, and its right front wheel ran over his right foot; he was knocked down.

■ The driver of the truck testified he did not see the plaintiff. Whether the defendant's driver was negligent or not was a jury question. In the circumstances the jury was justified in finding the driver negligent: (1) in emerging from a building without warning at a place where employees of the steel company and the railroad were likely to be engaged in their work;[3] (2) in failing to see the plaintiff on the ramp; and (3) in failing to have his truck under such control that he could stop it on the shortest possible notice of an employee's entry onto the ramp from behind the door.

The defendant contends plaintiff was guilty of negligence as a matter of law. No doubt he would be if the accident had occurred while he was crossing a public street. But here the plaintiff was engaged in his work as a brakeman on private property. Plaintiff testified that, as he was proceeding, he glanced around but he never saw the truck. Obviously, in glancing around, this plaintiff, who had tunnel vision, did not look directly at the entrance of the building from which the truck was emerging. The jury could have found that the plaintiff, occupied and concerned with his work with the railroad cars, had no reason to expect that a truck would emerge from the building while a railroad car was moving on the crossing a short distance away and did not see it.

■ The modern rule in Pennsylvania is now well settled that the question of contributory negligence ordinarily is for the jury, and will be declared as a matter of law only where it is so clear that there is no room for fair and reasonable disagreement as to its existence. Weidemoyer v. Swartz, 407 Pa. 282, 180 A.2d 19 (1962); Wilson v. American Chain & Cable Company, 364 F.2d 558, 562 (3d Cir. 1966). In the circumstances of this case the issue of contributory negligence was not so clear, and we think submitting it to the jury was correct.

MOTION FOR A NEW TRIAL

The motion for a new trial is based on the assertion that the verdict for plaintiff is against the weight of the evidence.

---

2. Plaintiff's F.E.L.A. action against the Railroad, his employer, was settled.

3. Tr., p. 60.

We find no basis to conclude with any confidence that the verdict was against the weight of the evidence or was capricious. The result depended on the credibility of the witnesses for each side; the jury believed the plaintiff's side and drew the inferences in his favor. This unique accident was peculiarly one for the jury to decide, and we have not been presented with any compelling reason for granting a new trial.