533 P.2d 941 (1975)
Terry J. BAIRD, Plaintiff-Appellant,
v.
POWER RENTAL EQUIPMENT, INC., a Colorado Corporation, and Jacmun, Inc., a Colorado Corporation, Defendants-Appellees.
No. 73-321.
Colorado Court of Appeals, Div. I.
February 11, 1975.
Rehearing Denied March 4, 1975.
Certiorari Granted April 21, 1975.
*943 Marvin Dansky, P. C., Denver, for plaintiff-appellant.
Yegge, Hall & Evans, John R. Trigg, Denver, for defendants-appellees.
Selected for Official Publication.
KELLY, Judge.
Plaintiff Baird appeals from the judgment of the trial court dismissing his complaint for damages for personal injury. The court granted defendants' motion for directed verdict at the close of plaintiff's case. We affirm.
Baird, a 19-year-old youth, was severely injured when a forklift he was operating rolled over on its side and crushed his leg, resulting in its amputation. At the time of the injury, Baird was enrolled in a training program conducted by Colorado Laborers and Contractors Education and Training Fund, a school organized by unions and contractors to train young laborers in the construction industry. The forklift was owned by defendant Jacmun, Inc., and was leased to the school by defendant Power Rental Equipment, Inc.
Baird contends that the trial court erred in granting defendants' motion for directed verdict. He argues not only that the defendants had a "legal duty" to install human restraints in the forklift, but that their failure to do so prior to its delivery to the school, as bailee, resulted in a "defect" in the equipment making the doctrines of breach of implied warranty or strict liability in tort available as grounds for Baird's recovery. We do not agree with these contentions.
To support his theory that the forklift was delivered with a defect, Baird sought to introduce the testimony of two expert witnesses to show that he would not have been injured had restrains been installed and in use. The trial court rejected this testimony. Baird contends that the trial court abused its discretion. We disagree.
Dr. Horace Campbell, one of the proffered experts, was a surgeon with special expertise in the use of human restraints in automobiles. He admitted to no special knowledge of the use of such safety devices in industrial equipment, and he had neither driven nor closely examined a forklift. The witness's lack of knowledge of industrial equipment was sufficient reason for rejection of his testimony. Whether a witness offered as an expert has the qualifications and knowledge to make his opinion testimony admissible is a preliminary question for the trial court, and its decision is conclusive unless shown to be erroneous. Atencio v. Torres, 153 Colo. 507, 385 P.2d 659; Oglesby v. Conger, 31 Colo.App. 504, 507 P.2d 883.
The deposition of Dr. Robert Reed, a physicist who was absent from the jurisdiction, was rejected by the trial court on the grounds that his opinions were based on hearsay and were conjectural, since there was a two-month delay between the accident and Reed's examination of the forklift, and since there was no showing that the forklift was in the same condition it had been at the time of the accident. It is proper to reject testimony reconstructing an accident which is based on hearsay and is speculative or conjectural in nature. Brayman v. National State Bank, 180 Colo. 304, 505 P.2d 11.
The general rule is that there can be no recovery under the theories of breach of implied warranty or strict liability without proof of a defect. See 63 Am. Jur.2d Products Liability § 9, Bradford v. Bendix-Westinghouse Auto Air Brake Co., Colo.App., 517 P.2d 406. Since the proffered expert testimony was properly rejected, Baird failed to establish any defect in the forklift as a matter of fact. And, *944 there being neither a Colorado statute requiring owners and lessors of industrial equipment to install human restraints in such equipment prior to delivery to a lessee, nor any Colorado cases imposing such a requirement, the absence of such restraints is not a defect as a matter of law. See 63 Am.Jur.2d Products Liability § 113. There was, therefore, no basis for recovery on these theories and the trial court properly granted defendants' motion for directed verdict.
Furthermore, even though the doctrines of implied warranty and strict liability are available in this state in a proper case, proximate causation must be established. See Peterson v. Nevada Motor Rentals, Inc., 28 Colo.App. 102, 470 P.2d 905. The issue of proximate cause is generally for the trier of facts, but where the facts are not only undisputed, but reasonable minds could draw but one inference from them, this issue should be taken from the jury and decided by the court as a matter of law. See Richardson v. Pioneer Construction Co., 164 Colo. 270, 434 P.2d 403. Here, there was no evidence that the absence of human restraints was a proximate cause of the accident.
Baird also argues that the trial court erred in ruling that the failure of defendants to supply the forklift with human restraints was not negligence as a matter of law. We disagree. Owners and lessors of industrial equipment have no legal duty to persons using the equipment to install human restraints in such equipment. Cf. Fischer v. Moore, Colo., 517 P.2d 458. In the absence of a legal duty, there could be no negligence, and the trial court properly directed a verdict for defendants. Roessler v. O'Brien, 119 Colo. 222, 201 P.2d 901. See Arapahoe Land Title, Inc. v. Contract Financing, Ltd., 28 Colo.App. 393, 472 P.2d 754.
In view of our disposition of the foregoing issues, it is unnecessary to consider Baird's assertion that the trial court erred in finding him contributorily negligent as a matter of law.
Judgment affirmed.
COYTE, J., concurs.
BERMAN, J., dissents.
BERMAN, Judge (dissenting).
Respectfully, I dissent.
First, in my view, the trial court abused its discretion in refusing to admit the opinion testimony of Dr. Campbell.
The substance of Dr. Campbell's testimony was that while the primary emphasis in his studies had been on automobiles, farm tractors, and airplanes, he was familiar with forklifts as a result of having attended persons who were injured while using them when he was a physician for a large department store. He also testified in the offer of proof made that he had studied industrial forklift accidents to determine the effect upon the operator that the lack of seat belts would cause in a simple tipover of a forklift; that, as a result of his studies the group he was associated with had recommended to a major manufacturer of tractors and forklifts that operators wear seat belts.
Further, his testimony showed that the forklift could have been outfitted with human restraints which have been available since the year 1955 or 1957, and that the cost of installation was approximately $10 and could be done locally. He discussed the alternative to seat belts, which was installation of a gate to be installed to keep the operator in the vehicle in the event of a tip-over, although stating that this was more trouble to install.
He compared tractors and forklifts as being quite unstable vehicles, both of which "upset quite a lot," testified that tractors and forklifts are very much the same in that they operate at relatively low speeds, and pointed out that deceleration and centrifugal forces are the physical *945 forces involved in every crash of a moving vehicle.
Hence, by the offer of proof, Dr. Campbell demonstrated his expertise relative to the use of human restraints both, in general, as to moving vehicles, and, in particular, as to forklifts. Further, his proffered opinion testimony was particularly pertinent to the primary issue before the jury; that, is, considering that a forklift is an unstable and dangerous vehicle, did the failure to install restraints afford plaintiff a basis for recovery either under a general theory of negligence or under the doctrine of strict liability. The jury could determine what weight should be given to his testimony.
Under these circumstances, it was reversible error for the trial court to refuse to admit the expert testimony of Dr. Campbell.

Negligence
The trial court also erred in determining that because there was no statute requiring seat belts in forklifts, or a Colorado case requiring any such installation, the plaintiff could not show that the failure of defendants to install restraints was negligent. See generally W. Prosser, Torts § 37 (4th ed.). The jury could have found, even absent a statute, that defendants were negligent in not installing seat belts. It needs no citation to show that most instances of negligence tried by a jury are not predicated upon a violation of statutory law and cases of first impression are not unknown in our case law.
Restatement (Second) of Torts § 390 provides as follows:
"One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."
Comment (b) to this section states that "one who supplies a chattel for the use of another who knows its exact character and condition is not entitled to assume that the other will use it safely if the supplier knows or has reason to know that such other is likely to use it dangerously... or lacks the training and experience necessary for such use ... This is true even though the chattel is in perfect condition, or though defective, is capable of safe use for the purposes for which it is supplied by an ordinary person who knows of its defective condition."
In other words, what may be safe for an expert may not be safe for a novice, and where the lessor is aware that the machine is to be used by a novice, the lessor's obligation and duty is to provide a safe machine not only for the expert but the novice as well. Here, a jury could well have determined that one of the foreseeable risks, of which the lessor should have been aware, was a student trainee's inability to operate a forklift as well as one who had been doing it for some period of time.
It is true that the failure to install seat belts or any other human restraint was not the direct cause of the accident, but a jury could reasonably determine it to be a proximate cause of the injury to the plaintiff, see Brandon v. Yale & Towne Manufacturing Co., 220 F.Supp. 855 (E.D.Pa.), aff'd, 342 F.2d 519 (3rd Cir.), especially in view of the proffered testimony of Dr. Campbell that "human restraint, either passive or active, such as a seat belt, would have kept [the plaintiff] in the vehicle and prevented injury." Under such circumstances, no sound policy nor reason can be found to justify a distinction between the liability of one whose negligence causes the initial accident and one whose negligence aggravates or enhances the injury after an intervening impact. See Bolm v. Triumph Corp., 33 N.Y.2d 151, 350 N.Y.S.2d 644, 305 N.E.2d 769; and Larsen v. General Motors Corp., 391 F.2d 495 (8th Cir.).
*946 While the majority does not consider the issue of the finding of contributory negligence, my examination of the record clearly indicates that here too the evidence presented factual issues for determination by the jury.

Strict Liability
The doctrine of strict liability as enunciated in Restatement (Second) of Torts § 402A, is applicable in Colorado. Bradford v. Bendix-Westinghouse Automotive Air Brake Co., Colo.App., 517 P.2d 406. The testimony of the witness Melton that a forklift was unstable as compared to a car and that "it's a machine that can be dangerous," taken with the offer of the testimony of the expert that a forklift and tractor are both quite unstable vehicles and "both upset quite a lot," and his testimony concerning lack of restraint and its effect, was sufficient to have warranted a jury in finding that the forklift was in a defective condition unreasonably dangerous to the user. See Ellithorpe v. Ford Motor Co., Tenn., 503 S.W.2d 516. On the basis of such a finding the defendants could have been found liable for plaintiff's injuries. See Garcia v. Halsett, 3 Cal.App.3d 319, 82 Cal.Rptr. 420.
Furthermore, considering the testimony as to the vehicle's instability and that it can be dangerous, Restatement (Second) of Torts § 402A, comment j, provides an additional basis for holding defendants liable for the injuries sustained. That comment states in part: "In order to prevent the product from being unreasonably dangerous, the seller may be required to give directions or warnings ... as to its use." Here, there was evidence that no such warnings had been given by the defendants, and the jury could have found that their failure to give such warnings brought this case under the doctrine of strict liability.
I would reverse and remand for a new trial as to both defendants.