536 F.2d 9
 1976-1 Trade Cases 60,904
 Inez V. LOWENSTEIN, Individually, and A. Moore Lifter,
Jerome L. Markovitz, Susan L. Chace, Jane B. Lowenstein and
Inez V. Lowenstein, co-executors of the Estate of Emanuel D.
Lowenstein,* Successors in interest to BBCI,
Inc., Successor in interest to Booth Bottling Co., Inc., Appellants,
v.
PEPSI-COLA BOTTLING CO. OF PENNSAUKEN and Canada Dry
Delaware Valley Bottling Company, Appellees.
 Nos. 75-1628 and 76-1040.
 United States Court of Appeals,
Third Circuit.
 Argued Jan. 19, 1976.
Decided May 21, 1976.
 
 LeRoy E. Perper, Theodore W. Flowers, Richard M. Jordan, Philadelphia, Pa., for appellants; White & Williams, Philadelphia, Pa., of counsel.
 Theodore R. Mann, Philadelphia, for appellees; Mann & Ungar, Professional Ass'n, David Berger, P. A., Philadelphia, Pa., of counsel.
 Before HUNTER, BIGGS and GARTH, Circuit Judges.
 OPINION OF THE COURT
 BIGGS, Circuit Judge.
 
 
 1
 The complaint in this suit was filed by Booth Bottling Company, Inc. (Booth) on June 5, 1970.[1] After lengthy proceedings which need not be set out here, Pepsi-Cola Bottling Co. of Pennsauken (Pepsi) was found by a jury to have violated the Sherman Act, 15 U.S.C. § 1, and to have committed breach of contract. Substantial damages were awarded.
 
 
 2
 Pepsi[2] moved for a directed verdict on November 26, 1973, at the end of Booth's case. The motion was denied, and thereafter Pepsi presented its evidence. Neither the docket sheets nor the record indicate, however, that Pepsi made a motion for a directed verdict at the close of all the evidence. Pepsi concedes that it did not formally make such a motion.[3] On December 14, 1973, Pepsi did make three motions: for a new trial, for a judgment notwithstanding the verdict, and for alteration and amendment of the judgment. The District Judge granted judgment N.O.V. on April 28, 1975, under Fed.R.Civ.P. 50(b).[4] The motions for new trial and to alter and amend the judgment have not been ruled upon.
 
 
 3
 The issue presented is whether the judgment N.O.V. is valid because of the absence of a motion by Pepsi for directed verdict at the close of all evidence. This question was noted by this Court before the argument and briefs on this specific point were requested and filed by the parties. The issue was also argued in open court. We conclude that the judgment N.O.V. is not valid for the reasons stated hereinafter.
 
 
 4
 Rule 50(b) requires that, as one predicate to judgment N.O.V., a motion for a directed verdict be made after presentation of all the evidence. It is clear from the record that this prerequisite for a judgment N.O.V. was not fulfilled. In Beebe v. Highland Tank and Manufacturing Company, 373 F.2d 886 (3d Cir. 1967), cert. denied sub nom., National Molasses Co. v. Beebe, Administrator, 388 U.S. 911, 87 S.Ct. 2115, 18 L.Ed.2d 1350 (1967), the defendant moved for a directed verdict at the conclusion of the plaintiff's case. The motion was denied and thereafter the defendant presented its evidence. The case was then submitted to the jury, which returned a verdict for the plaintiff. The defendant then moved for judgment N.O.V. The District Court denied the motion because of failure to comply with Rule 50(b). This Court affirmed, stating: "We agree that the appellant's failure to comply with Rule 50 precluded the granting of judgment in its favor notwithstanding the verdict against it. The record shows that at the close of all the evidence the appellant failed to renew motions it had made at earlier stages of the litigation for a directed verdict. And judicial power exists under Rule 50(b) to grant judgment notwithstanding the verdict only when a motion for a directed verdict has been made at the conclusion of all the evidence and, in legal contemplation, the questions thus raised have been reserved for subsequent determination. We have repeatedly held, very recently in Gebhardt v. Wilson Freight Forwarding Co., 3 Cir., 1965, 348 F.2d 129, 132 'that the introduction of evidence after the denial of a motion for a directed verdict constitutes a waiver of the error, if any, in the denial unless the motion is renewed at the close of all of the evidence'. We adhere to that ruling." 373 F.2d at 888.
 
 
 5
 Moore sets forth the rationale for requiring a motion for directed verdict at the conclusion of all evidence as follows: "To ask the court to enter a judgment, contrary to a general verdict of the jury where no motion for a directed verdict has been interposed, is simply to ask the court to re-examine the facts already tried by the jury, and this the court may not do without violating the Seventh Amendment." (quoting, Mutual Ben. Health & Accident Ass'n v. Thomas, 123 F.2d 353, 355 (8th Cir. 1941)).
 
 
 6
 "There is a better reason for establishing the motion for directed verdict as a condition precedent to a motion for judgment n. o. v. This is to avoid making a trap of the latter motion. At the time that a motion for directed verdict is permitted, it remains possible for the party against whom the motion is directed to cure the defects in proof that might otherwise preclude him from taking the case to the jury. A motion for judgment n. o. v., without prior notice of alleged deficiencies of proof, comes too late for the possibility of cure except by way of a complete new trial. The requirement of the motion for directed verdict is thus in keeping with the spirit of the rules to avoid tactical victories at the expense of substantive interests." 5A Moore's Federal Practice § 50.08, at 2358-59 (1975). See also Follette v. National Tea Co., 460 F.2d 254, 255 (3d Cir. 1972); Gebhardt v. Wilson Freight Forwarding Co., 348 F.2d 129, 132 (3d Cir. 1965); Massaro v. United States Lines Co., 307 F.2d 299, 303 (3d Cir. 1962); Budge Manufacturing Co. v. United States, 280 F.2d 414, 415-16 (3d Cir. 1960); Landis v. Delp, 327 F.Supp. 766, 768 (E.D.Pa.1971); Barlow v. Brunswick Corp., 311 F.Supp. 209, 217 (E.D.Pa.1970).
 
 
 7
 Pepsi relies upon its request for charge as bridging the gap created by its failure to renew its directed verdict motion under Rule 50(b). Pepsi requested binding instructions, but it is clear that a request for such instructions, which the district court neither treated nor ruled upon as it would treat with or rule upon a motion for directed verdict, compare Psinakis v. Psinakis, 221 F.2d 418, 422 (3d Cir. 1955), will not be considered by this Court as satisfying the necessary predicate for a judgment N.O.V.[5] See, e. g., Eisenberg v. Smith, 263 F.2d 827, 829 (3d Cir. 1959), cert. denied, 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed.2d 1534 (1959); Guglielmo v. Scotti & Sons, Inc., 58 F.R.D. 413, 416-17 (W.D.Pa.1973); Gilmore v. Lake Shore Motor Freight Co., 331 F.Supp. 1171, 1171-72 (W.D.Pa.1971); Dudding v. Thorpe, 47 F.R.D. 565, 568 (W.D.Pa.1969); Wilson v. American Chain & Cable Co., 38 F.R.D. 72, 73 (E.D.Pa.1965), rev'd on other grds.,364 F.2d 558 (3d Cir. 1966); Brandon v. Yale & Towne Mfg. Co., 220 F.Supp. 855, 857 (E.D.Pa.1963), aff'd on other grds., 342 F.2d 519 (3d Cir. 1965) (en banc ). Cf., e. g., Massaro, supra, 307 F.2d at 303.[6] This precedent makes clear that the constitutional and procedural concerns summarized by Moore are not allayed in this Circuit by a mere request for binding instruction.[7]
 
 
 8
 The provisions of the rule are clear. The lock has a large visible keyhole and the key to turn the lock is as plainly described as we believe to be possible. The rule has been in effect for a very considerable length of time. We do not see any reason to obfuscate a plain rule by adding a gloss to it to aid those who, for reasons unknown to us, have not seen fit to follow it.
 
 
 9
 We note also that the learned District Judge has not made any disposition of the timely motions for new trial or to alter or amend the judgment.[8]
 
 
 10
 The judgment N.O.V. will be reversed and the case remanded with the discretion to proceed in a manner consistent with this opinion.[9]
 
 JAMES HUNTER, III, Circuit Judge (dissenting):
 
 11
 I respectfully disagree with the majority's determination that the judgment N.O.V. should be reversed on the basis of Fed.R.Civ.P. 50(b). To me, the result represents an unnecessarily technical and rigid application of the rule, and does not serve the interests of justice or judicial efficiency.
 
 
 12
 I do not, of course, question the rule of Beebe v. Highland Tank and Manufacturing Co., 373 F.2d 886 (3d Cir.), cert. denied sub nom., National Molasses Co. v. Beebe, 388 U.S. 911, 87 S.Ct. 2115, 18 L.Ed.2d 1350 (1967), that, unless a defendant renews a motion for directed verdict first made at the end of plaintiff's case after all the evidence is in, the district court is without power to grant a subsequent motion by the defendant for judgment N.O.V. The narrow question presented here is whether, on the facts of this case, it could be concluded that the earlier motion had been renewed.
 
 
 13
 It is important to note that defendant here did make a motion for directed verdict at the end of plaintiff's case, and that this motion was formal, detailed and hotly contested. At the conclusion of all the evidence, while there was admittedly no "formal" renewal of the motion for directed verdict, defendant did submit "Requested Points for Charge" which began with the words
 
 
 14
 1. "You are directed to enter a verdict in favor of defendants."
 
 
 15
 Since this request can fairly be read as incorporating the specific grounds[1] set forth in the earlier motion, the only procedural "defect" which the majority can rely upon to find non-compliance with Rule 50(b) is the failure to set forth the quoted request on a separate piece of paper (or orally) and label it
 
 
 16
 "(Renewal of) Motion for Directed Verdict"
 
 
 17
 To me, this "defect" is of insufficient substance to justify a further delay in the consideration of the merits of this already protracted litigation. I would hold that there has been adequate compliance with Rule 50(b).
 
 
 18
 There is no decision of this court clearly resolving the issue of whether the court of appeals may find compliance with Rule 50(b) on the basis of 1) a motion for directed verdict after the plaintiff's case and 2) a request for binding jury instructions at the close of all the evidence, where the trial judge has not expressly treated the latter request as a renewal of the motion for directed verdict.[2] In Beebe there is no indication that the defendant, at the close of all the evidence, requested a binding instruction or took any other action which might have alerted the court and the plaintiff that the defendant was still contending that the case should not go to the jury. In Eisenberg v. Smith, 263 F.2d 827 (3d Cir.), cert. denied, 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed.2d 1534 (1959), there is no indication that there had been an earlier motion for directed verdict to which the request for binding instructions could relate; the latter request could therefore not serve as a basis for a judgment N. O. V. since specific grounds had not been set forth as required by Fed.R.Civ.P. 50(a). The other Third Circuit cases cited by the majority are distinguishable for similar reasons.
 
 
 19
 In Jack Cole Co. v. Hudson, 409 F.2d 188 (5th Cir. 1969),[3] the court of appeals found sufficient compliance with Rule 50(b) on facts which I believe are indistinguishable from those now presented. The majority opinion (p. ----, n. 7) attempts to draw a distinction by "treat(ing) Cole as a case where the defendants requested a directed verdict." That begs for question, since from the reported opinion in Cole, we know only that defendants "did apparently make a request in chambers (after the close of all the evidence) that the jury be instructed to find for them. This was refused . . . ." 409 F.2d at 191. The same request and, necessarily, the same refusal were made here. The majority also suggests that Cole is distinguishable because "the district judge in Cole apparently treated the defendants' request as a motion for directed verdict, which would satisfy Rule 50(b)." Majority opinion, p. ----, n. 7. The Cole opinion provides no basis for such a conclusion as to the reason for the trial judge's action; to the extent that such an inference can be drawn from the fact that the district judge subsequently entertained a motion for judgment N. O. V., the inference is equally applicable in our case.
 
 
 20
 In the absence of contrary Third Circuit precedent, I would adopt Jack Cole and apply it to this case, since in my view of the district court proceedings, "(t)here can be no doubt that the trial judge was well aware of the reasons for the requested jury instruction, and, under the circumstances, . . . this constitutes a sufficient predicate for the subsequent motion for judgment notwithstanding the verdict." Id., 409 F.2d at 191.
 
 
 21
 As to the plaintiff's notice of the defendant's stance, three factors are persuasive. First, it would hardly have been reasonable for the plaintiff to assume that the defendant would inexplicably abandon its earlier vigorous contentions that the evidence was insufficient to make out a jury case.[4] Secondly, the points for jury charge not only included the general request for a directed verdict but also at least one specific point attacking the sufficiency of plaintiff's evidence which, if given, would have been tantamount to a directed verdict.[5] Finally, we have not been referred to any point during the sixteen-month period between defendant's motion for judgment N. O. V. and the granting of that motion when plaintiff even suggested that Rule 50(b) required a denial of the motion. Plaintiff did not raise this issue in its original or reply brief in this court.[6]
 
 
 22
 As to the trial judge's notice of defendant's renewal of the motion for directed verdict, we have one unambiguous passage in the record. During argument prior to the charge, counsel for plaintiff pressed for inclusion of a particular element of damages:
 
 
 23
 (Counsel for Plaintiff): . . .
 
 
 24
 If the Court later decides that wasn't a proper element of damages, you can cut it out very easily.
 
 
 25
 The Court: We still have N.O.V.
 
 
 26
 N.T. 18-115.
 
 
 27
 Even if I were not convinced by this record that plaintiff and the district court understood that defendant had preserved its objections to the sufficiency of the evidence, I could not join the majority. In Psinakis v. Psinakis, 221 F.2d 418, 422 (3d Cir. 1955), this court held that where it could be determined from the record that the trial court had treated a "motion for binding instructions" as a motion for directed verdict, the appellate court "properly may consider these cases on the basis of the trial court's refusal to grant (defendant's) motion for judgment (N. O. V.) . . .."[7] We thus recognized that the trial judge, may, on the basis of his greater familiarity with the proceedings, tolerate formal "defects" and find "substantial compliance" with Rule 50(b) where no prejudice would result.[8] The majority today purports to reaffirm Psinakis (majority opinion at p. ----, n. 5), but states that it is inapplicable to this case. It is, of course, true that the district judge did not state on the record that he considered the request(s) for charge to be tantamount to a renewal of the motion for directed verdict. However, because the district judge not only entertained but granted the motion for judgment N. O. V., there are only two possibilities: either the district judge found "substantial compliance" with Rule 50(b), as permitted under Psinakis, or he overlooked the ramifications of Rule 50(b). There is no way to tell. I am convinced that the district judge either did find or would have found "substantial compliance."[9] The majority opinion must be read not only as disagreeing with this position, but as holding that "substantial compliance" could not have been found by the district judge; otherwise the proper (less severe) "remedy" would be to remand for district court consideration of the "substantial compliance" issue. I find no basis on this record for a holding that the district court could not have found substantial compliance.
 
 
 28
 (T)he courts take a liberal view of what constitutes a motion for directed verdict in deciding whether there was a sufficient prerequisite for the motion for judgment.
 
 
 29
 9 C. Wright & A. Miller, Federal Practice and Procedure, § 2537 at 596-97 (1971) (collecting cases).
 
 
 30
 While I might agree that "(t)he Third Circuit's rulings on this procedural question are not entirely clear," Huddell v. Levin, 395 F.Supp. 64, 80 (D.N.J.1975), (finding "substantial compliance" on comparable facts), rev'd on other grounds, 3d Cir., --- F.2d ----, filed May 5, 1976, I also agree that "(a) review of these cases indicates not only the Third Circuit's desire that the trial judge be apprised of the movant's position through 'substantial compliance' with Rule 50 . . . but also an overriding concern that technical non-compliance with Rule 50 should not be used as a basis for withholding relief when warranted . . . ." Id. I would not break with that precedent.
 
 
 31
 The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.
 
 
 32
 Fed.R.Civ.P. 61.
 
 
 33
 For the foregoing reasons, I would reach the merits of the motion for judgment N. O. V. However, since the majority disagrees and leaves open the possibility of a new trial, and thus perhaps a new appeal, I believe that it would be inappropriate to state my views on the merits.
 
 
 
 *
 A suggestion of transfer of interest upon the record has been made by White and Williams, attorneys for BBCI, as follows: "Inez V. Lowenstein, individually, and A. Moore Lifter, Jerome L. Markovitz, Susan L. Chace, Jane B. Lowenstein and Inez V. Lowenstein, co-executors of the Estate of Emanuel D. Lowenstein, the shareholders of BBCI, Inc., suggest upon the record, pursuant to Appellate Rule 43(b), the dissolution of BBCI, Inc. during the pendency of this action and the transfer of all corporate assets to them, equally." The transfer of interest is not contested
 
 
 [1]
 On January 28, 1976, Beverages International, Inc. and Crush International, Inc., two of the original defendants, moved to have their names deleted from the caption of this action. Since it appears from the record that, on November 5, 1973, plaintiff's motion for voluntary dismissal as to these parties was granted with prejudice, we see no reason to deny the motion to delete
 
 
 [2]
 Pepsi was joined in this motion by the other defendant still in the case, Canada Dry Delaware Valley Bottling Company. The jury's finding of no liability as to the latter is not contested here. Subsequent discussion will make no reference to Canada Dry
 
 
 [3]
 As to the contract-breach count, on November 29, 1973, in chambers Pepsi orally moved that the jury be instructed that Pepsi had the right as a matter of law to terminate the contract. The Court stated in reply: "I think I shall have to rule on your Points for Charge before you start your summation." Tr. 17-6, App. 1069. Pepsi argues that this motion and its points for charge also can be construed as, in effect, a motion for directed verdict. See discussion infra
 
 
 [4]
 Rule 50(b) provides: "Motion for Judgment Notwithstanding the Verdict. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial." (emphasis supplied)
 
 
 [5]
 We do not question the power of a district court to treat with a binding request for charge as though it was a motion for directed verdict. Where that situation occurs and the district court, with the knowledge of all parties, treats with and rules upon a binding request for charge as a motion for directed verdict, the necessary predicate for judgment N. O. V. has been provided. This, of course, was not the situation in the instant case
 
 
 [6]
 In Massaro, the request was made before the introduction of any evidence and was less specific than the request here. However, the same constitutional and cure considerations discussed supra are applicable here and in Massaro. Without the notice of evidentiary paucity, a court in its N.O.V. determination runs the risk of substituting itself for the trier of fact and of preventing the adverse party from employing evidentiary cure, if necessary
 In the welter of a long and complex trial such as this, the constitutional and cure concerns discussed supra demand careful scrutiny of the reasons for taking issues from the jury. This should be undertaken when all the evidence is before the court.
 
 
 [7]
 The cases relied on by Pepsi are not in this Circuit. One such is Jack Cole Co. v. Hudson, 409 F.2d 188, 191 (5th Cir. 1969). There defendants moved for a directed verdict at the close of the plaintiff's evidence. The motion was not renewed at the close of all evidence. Defendants "did apparently make a request in chambers that the jury be instructed to find for them. This was refused, as was a similar request made in open court after the court's charge to the jury had been given
 "There can be no doubt that the trial judge was well aware of the reasons for the requested jury instruction, and, under the circumstances, we hold that this constitutes a sufficient predicate for the subsequent motion for judgment notwithstanding the verdict." (citation omitted). See also 9 Wright & Miller, Fed.Prac. & P. § 2537 n. 32 (Supp.1975). While the dissent reads this recital as indicating that requests for charge were sought, we find the factual statement in Cole much less clear. We treat Cole as a case where the defendants requested a directed verdict. In any event, the district judge in Cole apparently treated the defendants' request as a motion for directed verdict, which would satisfy Rule 50(b). Such is not our case. In this Circuit we think the constitutional and procedural issues are so important that we are unwilling to make the supposition that the bench and the adverse party have sufficient notice. See note 6 supra.
 
 
 [8]
 "Where the judgment n. o. v. is reversed, and the trial court has granted the motion for a new trial, the case will ordinarily be remanded to the trial court for a new trial in accordance with that court's action on the motion for a new trial. But the courts of appeals have authority to order 'otherwise'. This means, among other things, that the appellate court may reverse the grant of a new trial and order entry of judgment on the verdict. Or, it may remand the case to the trial court for that court to consider the motion for new trial in light of the disposition by the court of appeals of the judgment n. o. v. This latter practice has also developed where the trial court has failed to rule on a motion for new trial and the appellate court reverses the judgment n. o. v. But some courts have held that the motion for a new trial is abandoned if not pressed on the trial court after the grant of judgment n. o. v." (Notes omitted and emphasis supplied). 5A Moore's supra § 50.14, at 2382-83, 2383 nn. 8, 9. "In Mays v. Pioneer Lumber Corp., 502 F.2d 106 (4th Cir. 1974), where trial court failed to rule on alternative motion for new trial court of appeals reversed judgment n. o. v. and remanded for reinstatement of the verdict without requiring trial court to decide the new trial motion."
 
 
 [9]
 We do not reach the other contentions raised by the parties. To the extent they are relevant, they may be raised on remand
 
 
 [1]
 Fed.R.Civ.P. 50(a) requires that a motion for directed verdict state the specific grounds therefor
 
 
 [2]
 I do not read the majority opinion as taking the position that its result is required by any Third Circuit case on point
 
 
 [3]
 See also, Roberts v. Pierce, 398 F.2d 954 (5th Cir. 1968)
 
 
 [4]
 Plaintiff has not suggested that the defendants' witnesses "cured" the alleged deficiencies in plaintiff's case so as to explain such an abandonment
 
 
 [5]
 Requested point for charge number 3:
 I direct you to find that (plaintiff) has not sustained its burden to prove by a preponderance of the evidence that either defendant or both conspired with each other or anyone else to violate the Sherman Act.
 
 
 [6]
 I do not mean to suggest that any doctrine of waiver could vitiate the rule in Beebe
 However, plaintiff's failure to object, prior to the raising of the Rule 50(b) issue by this court, to consideration of the merits of the motion for judgment N. O. V. does indicate that the concern voiced by the majority, p. ----, that less-than-strict compliance with Rule 50(b) may result in surprise or a "trap" for the opposing party, is utterly groundless in this case.
 Even in its supplemental brief on this issue, plaintiff has not suggested any way in which it was lulled, "trapped" or otherwise prejudiced by the procedural irregularity.
 
 
 [7]
 The published opinion does not indicate whether or not a formal, specific motion for directed verdict was made earlier
 
 
 [8]
 Accord, Huddell v. Levin, 395 F.Supp. 64, 80 (D.N.J.1975), rev'd on other grounds, 3d Cir., --- F.2d ----, filed May 5, 1976
 
 
 [9]
 In Brandon v. Yale & Towne Mfg. Co., 342 F.2d 519 (3d Cir. 1965) (en banc), Judge McLaughlin, dissenting, concluded that there had been sufficient compliance with Rule 50(b) even though the district judge had held to the contrary. (The latter also rejected the motion for judgment N. O. V. on the merits). The majority did not discuss the question, affirming instead on the sufficiency of the evidence