

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2004

# Caprio v. Bell Atl Sickness

Precedential or Non-Precedential: Precedential

Docket No. 03-2253

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Caprio v. Bell Atl Sickness" (2004). *2004 Decisions*. Paper 442.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/442

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT

No. 03-2253

FRANK J. CAPRIO,

Appellant

v.

BELL ATLANTIC SICKNESS
AND ACCIDENT PLAN; CORE, INC.;
VERIZON, INC.

On Appeal from the United States
District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 00-cv-06155)
Honorable R. Barclay Surrick,
District Judge

Submitted under Third Circuit
LAR 34.1(a) June 28, 2004

BEFORE: AMBRO, BECKER, and
GREENBERG, Circuit Judges

(Filed: July 8, 2004)

William T. Wilson
MacElree Harvey Ltd
17 West Miner Street
P.O. Box 660
West Chester, PA 19381

Attorney for Appellant

Steven D. Spencer
Kay Kyungsun Yu
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, Pa. 19103

Attorneys for Appellees
Verizon Communications
Inc. and Bell Atlantic Sickness
and Accident Disability
Benefit Plan

Douglas E. Ress
Kaufman, Coren, Ress & Weidman
1525 Locust Street
17th Floor
Philadelphia, Pa. 19102

James T. Finnigan
Rich May
176 Federal Street
Boston, MA 02110

Attorneys for Appellee CORE, Inc.

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I. INTRODUCTION

This matter comes on before this court on an appeal brought by Frank J. Caprio from orders entered in the district court on April 1, 2003, granting a motion for summary judgment made by

defendants Bell Atlantic Sickness and Accident Plan ("Plan"), Verizon, Inc. ("Verizon") and CORE, Inc. ("CORE") ("appellees"), denying Caprio's motion for summary judgment, and entering judgment in favor of the appellees. We will vacate the orders and will remand the case to the district court for further proceedings.

The background of the case is as follows. Caprio, who claimed to be disabled and who had been employed by Bell Atlantic Company of Pennsylvania and later by its successor, Verizon, brought this action against appellees under ERISA, 29 U.S.C. § 1001 et seq., seeking benefits under a Sickness and Accident Disability Benefit Plan that Bell Atlantic and Verizon provided.[1] Caprio made CORE a defendant because it had administrative and fiduciary responsibilities under the Plan and made determinations regarding claimants' eligibility for payments, including determinations with respect to Caprio. The Plan makes a distinction between disabilities attributable to sickness and those attributable to accidents and

---

[1]Even though Caprio sued Verizon, Inc. appellees indicate that there is no such entity and that Verizon Pennsylvania, Inc., a subsidiary of Verizon Communications Inc., was Caprio's employer. Appellees indicate that Caprio also misnamed the defendant Plan. These mistakes may be rectified on remand by appropriate amendments.

includes administrative appeal procedures. Inasmuch as Caprio was awarded benefits based on sickness but denied more generous accident benefits, he seeks in this action to recover accident benefits.

After certain proceedings in the district court that we need not describe, appellees moved for summary judgment, but the court denied their motion without prejudice in a memorandum opinion on May 31, 2002. The court, largely concerning its opinion with determining its standard of review under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948 (1989), concluded that it would examine the denial of benefits under an arbitrary and capricious standard of review. The district court then considered our opinion in Pinto v. Reliance Standard Life Insurance Co., 214 F.3d 377, 387 (3d Cir. 2000), quoting it for the point that "heightened scrutiny is required when an insurance company is both plan administrator and funder." The district court later in its opinion cited Goldstein v. Johnson & Johnson, 251 F.3d 433, 442 (3d Cir. 2001), concluding from that case that Pinto "does not appear to be limited to plans involving insurance companies."

The district court noted that appellees had submitted an affidavit stating that CORE's compensation was "not tied in any way to the results of the disability cases that it manages for Bell Atlantic." This representation led the court to observe that, according to the

2

affidavit, "CORE has no conflict of interest in administering claims under the Plan." Nevertheless, inasmuch as the court believed that Caprio was entitled to answers to interrogatories he had served before it definitively settled on its standard of review, it denied appellees' motion without prejudice and ordered them to answer Caprio's interrogatories "for the limited purpose of determining the appropriate standard of review in this case." Not inappropriately, the court did not indicate what its result would be on the merits depending on the standard of review it selected.

The appellees apparently answered the interrogatories as in their brief they indicate, in a representation that Caprio does not contradict, that after "some discovery had been completed," appellees br. at 3, appellees renewed their motion for summary judgment and Caprio moved for summary judgment. Appellees then indicate that the district court, "without opinion, allowed the motion of the defendants-appellees and denied Caprio's motion." Id. at 4. The appellees in their brief go on to explain:

> The District Court correctly held that CORE's decision must be reviewed under the arbitrary and capricious standard because the [Plan] confers upon CORE the discretionary authority to resolve all questions relating to eligibility for

disability benefits. The District Court's decision that CORE did not abuse its discretion in denying Caprio's appeals concerning the classification of his [short term disability] benefits was also correct.

Id. at 11.

In fact, notwithstanding the foregoing statement, the court did not indicate, following the appellees' renewal of their motion for summary judgment, exactly what standard of review it was using, though it had considered this point preliminarily in its May 31, 2002 opinion. Moreover, it never said at any time that CORE "did not abuse its discretion in denying Caprio's appeals . . . ." Indeed, as appellees acknowledge, the court did not render any opinion when it granted summary judgment. Rather, it simply entered orders granting appellees' motion, denying Caprio's motion, and granting a judgment in favor of the appellees, following which Caprio appealed. We have jurisdiction under 28 U.S.C. § 1291.

## II.  DISCUSSION

Inasmuch as the district court did not indicate why it was granting the appellees' motion for summary

judgment, it did not act in conformity with our direction in <u>Vadino v. A. Valey Engineers</u>, 903 F.3d 253, 259 (3d Cir. 1990), to district courts in this circuit to "accompany grants of summary judgment . . . with an explanation sufficient to permit the parties and this court to understand the legal premise for the court's order." <u>See</u> <u>also</u> <u>Forbes v. Township of Lower Merion</u>, 313 F.3d 144, 148-49 (3d Cir. 2002). Even though our standard of review is plenary with respect to the order of the district court, <u>see</u> <u>Kemmerer v. ICI Americas Inc.</u>, 70 F.3d 281, 286 (3d Cir. 1995), and thus we could determine this matter on the merits without remanding, <u>see</u> <u>Vadino</u>, 903 F.2d at 259-60, we are satisfied that the uncertainties surrounding the court's order in this complex matter, both as to the standard of review it exercised and the basis for its assessment of Caprio's claim on the merits, require that, in the first instance, the district court explain the reasons for its decision. <u>See</u> <u>Gillis v. Hoechst Celanese Corp.</u>, 4 F.3d 1137, 1149 (3d Cir. 1993).

The fact is that we are not certain whether the district court granted summary judgment for appellees through the application of <u>Firestone</u> with or without our refinement of that case in <u>Pinto</u>. Moreover, whatever standard the court followed, we do not know the reasoning that led it to grant the appellees' motion for summary judgment. Thus, we will vacate the orders of the district court entered on April 1, 2003, and remand the case to that court for further proceedings. In those proceedings the court may revisit its substantive decision granting appellees summary judgment if it concludes that it would be appropriate to do so.

We regret that the consequence of our disposition is to put the parties to additional expense which they fairly may attribute to the district court's failure to conform to our directions in <u>Vadino</u>. Accordingly, in order that the procedural oversight here not be replicated, we point out that in future cases in which district courts overlook the procedure we set forth in <u>Vadino</u> the parties should not hesitate to bring that case to the court's attention.

We make this suggestion even though we can understand why parties might be wary of advising a district court of its oversight, and we do not require that they do so. Yet we note that our suggestion is consistent with requirements in other situations that parties bring procedural requirements to a court's attention if it should overlook them. Thus, Federal Rule of Civil Procedure 24(c) provides that when the constitutionality of any act of Congress or statute of a State affecting the public interest is drawn in question in an action in which the United States or the State or any agency, officer, or employee thereof is not a party, the court shall notify the Attorney General of the United States or the State's attorney general, depending upon the statute implicated, as provided

by 28 U.S.C. § 2403, so that he or she may intervene on the question of constitutionality. It further provides that the party challenging the constitutionality of the legislation "should call the attention of the court to its consequential duty." Similarly, under some case law when a party following trial moves for judgment as a matter of law and, in the alternative, moves for a new trial, it should notify the court of the need for it to make a contingent ruling on the motion for a new trial if it grants the judgment as a matter of law but does not rule on the motion for a new trial. See Lowenstein v. Pepsi-Cola Bottling Co. of Pennsauken, 536 F.2d 9, 12 n.8 (3d Cir. 1976); Arenson v. Southern Univ. Law Ctr., 43 F.3d 194, 196 (5th Cir. 1995). Indeed, if the party does not notify the court of this procedural requirement it may lose the possibility of obtaining a new trial if the judgment as a matter of law in its favor is reversed. See Lowenstein, 536 F.2d at 12 n.8.

In closing we point out that we have not overlooked our authority to retain jurisdiction as we did in Forbes after we remanded that case to the district court to specify the material facts in issue which precluded the court from granting the defendants' motion for summary judgment in a 42 U.S.C. § 1983 action on the basis of qualified immunity. Forbes, 313 F.3d at 151. If we retained jurisdiction, we then could determine the matter without a new appeal being filed following the remand, perhaps after additional briefing. We have determined, however, not to retain jurisdiction because we have authorized the court to revisit its decision on the merits and thus it is conceivable that the court's outcome on remand could be different from that which it reached previously. Moreover, it is possible that the disappointed party, after considering the court's explanation for its determination, may not wish to pursue the matter further.[2]

## III. CONCLUSION

For the foregoing reasons we will vacate the orders of the district court entered on April 1, 2003, and will remand the matter to that court for further proceedings. The parties will bear their own costs on this appeal.

---

[2]Of course, if the court does not grant a summary judgment on the remand it is unlikely that the order denying summary judgment will be appealable, at least before a final judgment is entered. See In re Complaint of PMD Enters., Inc., 301 F.3d 147, 149 (3d Cir. 2002).

5