

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2007

# Veanus v. Northampton Cty

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2233

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Veanus v. Northampton Cty" (2007). *2007 Decisions.* Paper 1016.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1016

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2233
_____

JOHN F. VEANUS,

Appellant

v.

NORTHAMPTON COUNTY PRISON; TODD BUZKIRK, Warden; SCOTT HOKE,
Deputy Warden, All Sub Staff Inclusive; HEAD OF NURSING; ENTIRE NURSING
STAFF, In their individual and official capacity; PRIME CARE MEDICAL, INC.

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 03-cv-00024)
District Judge: Honorable Timothy J. Savage
_____

Submitted Under Third Circuit LAR 34.1(a)
May 25, 2007

Before: FISHER, ALDISERT AND WEIS, Circuit Judges

(Filed: June 1, 2007 )

_____

OPINION
_____

PER CURIAM

John F. Veanus appeals pro se from the District Court's entry of summary judgment in favor of the Northampton County Prison, Warden Todd Buzkirk and Deputy Warden Scott Hoke (the "prison defendants") and from its entry of judgment on a jury verdict in favor of Prime Care Medical, Inc. ("Prime Care"). For the following reasons, we will affirm the grant of summary judgment and dismiss the appeal to the extent that it is taken from the judgment on the jury verdict.[1]

## I.

Veanus was an inmate at the Northampton County Prison. He filed suit pro se under 42 U.S.C. § 1983 against the prison defendants, alleging that they were deliberately indifferent to his medical needs by assigning him to a top bunk (from which he fell, injuring his head, face and neck) and by providing him with pain medication to which he is allergic. The prison defendants filed a third-party complaint against Prime Care, which contracts with Northampton County to provide medical services at the prison. The District Court appointed counsel for Veanus, and he amended his complaint to assert a claim directly against Prime Care.[2]

---

[1]    We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Caprio v. Bell Atl. Sickness and Accident Plan, 374 F.3d 217, 220 (3d Cir. 2004).

[2]    Veanus also originally asserted several other claims against the prison defendants. In his summary judgment brief, Veanus addressed only his § 1983 bunk assignment and medication claims (the latter of which he made clear he was pursuing only against Prime Care). On appeal, he has not raised any issues concerning his other claims, so any such issues are waived. See Couden v. Duffy, 446 F.3d 483, 492 (3d Cir. 2006).

2

All defendants moved for summary judgment. The District Court granted the prison defendants' motion, but denied Prime Care's motion. Veanus's claim against Prime Care proceeded to a jury, which found in favor of Prime Care, and the District Court entered judgment on the verdict.

II.

A. Summary Judgment in Favor of the Prison Defendants

The District Court granted summary judgment without explaining its grounds or rationale. Because such an omission can hamper our review, we have directed district courts to explain their reasoning when granting summary judgment, and have remanded in appropriate cases when district courts have failed to do so. See Caprio, 374 F.3d at 220; Vadino v. A. Valey Eng'rs, 903 F.2d 253, 259 (3d Cir. 1990). Nevertheless, we may affirm the grant of summary judgment on any ground that appears in the record. See Hedges v. Musco, 204 F.3d 109, 116 (3d Cir. 2000). We are satisfied that we can adequately review the relevant issue here. See Vadino, 903 F.3d at 260-61.

Veanus conceded below that the individual defendants are not individually liable under § 1983 and limited his argument to his bunk-assignment claim against the prison. On appeal, he also limits his argument to that claim, arguing only that the District Court should not have granted summary judgment because the prison has authority over prisoner housing decisions. The prison argues that it was entitled to summary judgment because Veanus produced no evidence that his injuries were caused by a policy or custom

3

as required for the imposition of § 1983 liability on a municipality under <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978).

We agree with the prison. Veanus argued below that the prison had a custom of ignoring inmates' requests for lower bunk assignments. The only evidence he advanced, however, was the deposition testimony of Deputy Warden Hoke that the prison had no standardized policy for handling bunk assignment requests and assumed (without confirming) that Prime Care would adequately handle any such requests it received. The prison's lack of a policy regarding bunk assignments could give rise to § 1983 liability only if Veanus showed that the lack of a policy resulted from the prison's "deliberate indifference" to the serious medical needs of those who require lower bunk assignments. <u>See</u> <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966, 971-72 (3d Cir. 1996). "To survive summary judgment," Veanus was required to present evidence that the need for such a policy "was so obvious and so likely to lead to the violation of constitutional rights that the policymaker's failure to respond amounts to deliberate indifference." <u>Brown v. Muhlenberg Twp.</u>, 269 F.3d 205, 216 (3d Cir. 2001). Veanus presented no such evidence – no evidence, for example, that any other prisoner had been denied a medically-required bunk assignment, had fallen from a top bunk, or had ever complained about this issue. <u>See</u> <u>Beck</u>, 89 F.3d at 972. Accordingly, the prison was entitled to summary judgment.

### B. Judgment on the Verdict in Favor of Prime Care

Veanus raises several arguments regarding alleged misconduct during trial, only

two of which might conceivably state grounds for appellate relief: that the District Court allowed a juror to sleep through trial and that the District Court allowed Veanus to be questioned while not under oath.[3] We require portions of the transcript or other permissible material to supplement the record not only to assess the merits of these issues, but to determine whether Veanus preserved them for appellate review.

We denied Veanus's motion for transcripts at government expense because Veanus had not demonstrated that he required the transcript for an issue that raised a substantial question. See 28 U.S.C. § 753(f). Veanus's appellate brief does not suggest otherwise. Accordingly, we have no choice but to dismiss this portion of the appeal.

For the foregoing reasons, we will affirm the District Court's order granting summary judgment, and the judgment in favor of Prime Care is affirmed.

---

[3]  Veanus's remaining arguments either are inapposite in the civil context (such as ineffective assistance of counsel), or potentially state grounds for relief only in the District Court under Rule 60 of the Federal Rules of Civil Procedure (such as the alleged perjury of a Prime Care witness).