

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-3-2009

# McKinney v. Guthrie

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2348

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"McKinney v. Guthrie" (2009). *2009 Decisions.* Paper 1942.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1942

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2348
_____

DERRICK MCKINNEY,

Appellant

v.

C.O. GUTHRIE; C.O. ZIHMER;
C.O. BLOOR; C.O. STENDER;
C.O. WISE; UNIT MANAGER WILLIAM WARD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 01-02088)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2009

Before: BARRY, SMITH and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 03, 2009)
_____

OPINION
_____

PER CURIAM

      Plaintiff Derrick McKinney appeals pro se from several District Court orders: a

1

January 10, 2005, order denying and deeming as withdrawn his request for discovery; a March 20, 2007, order granting summary judgment in favor of Defendants Zihmer, Wise, Stender, and Bloor for McKinney's failure to exhaust administrative remedies; and two April 3, 2007, judgments, one entering summary judgment in favor of Defendant Ward, and a second entering a judgment upon a jury verdict in favor of Defendant Guthrie. For the reasons that follow, we will affirm in part, vacate in part and remand for further proceedings.

## I. Background

Because we write solely for the benefit of the parties, we will set forth briefly only those facts necessary to our analysis. McKinney filed a pro se complaint pursuant to 42 U.S.C. § 1983 against SCI-Camp Hill prison employees Guthrie, Ward, Wise, Stender, Zihmer, and Bloor, claiming violations of his First, Eighth, and Fourteenth Amendment rights based on a series of alleged physical assaults that took place in December 1999. According to McKinney, these assaults occurred in retaliation after McKinney filed a grievance against Guthrie for entering his cell and disposing of his belongings, including notes and legal materials.

The District Court disposed of the majority of McKinney's claims on summary judgment. Only one – McKinney's Eighth Amendment claim against Defendant Guthrie – proceeded to a jury trial, at which McKinney was represented by counsel. The jury returned a verdict against McKinney and McKinney pursued a timely appeal to this Court.

2

## II. Analysis

### A. Dismissal of Claims Against Zihmer, Wise, Stender, & Bloor For Failure to Exhaust

The Prison Litigation Reform Act of 1995 provides, in relevant part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). However, the PLRA requires exhaustion only of such administrative remedies "as are available," 42 U.S.C. § 1997e(a), and an administrative remedy may be unavailable if a prisoner is prevented by prison authorities from pursuing the prison grievance process. See Camp v. Brennan, 219 F.3d 279, 280-81 (3d Cir. 2000). In addition, prison authorities may waive the exhaustion requirement if the ultimate administrative authority fully examines the inmate's complaint on the merits, regardless of whether the complaint complied with the prison grievance process. See id. at 281.

In this case, the issue of whether McKinney adequately pursued and exhausted his administrative remedies before initiating his § 1983 action is not straightforward, and has been raised repeatedly throughout this litigation. First, in an order entered on November 30, 2001, the District Court dismissed McKinney's entire § 1983 complaint without

3

prejudice for failure to exhaust administrative remedies.  See Docket No. 9.  McKinney appealed, and on June 4, 2003, this Court vacated the District Court's dismissal order and remanded the matter for further proceedings.  At that time, we noted that McKinney had submitted a letter from the prison's Chief Hearing Examiner, Robert Bitner, which indicated the possibility that McKinney may have indeed exhausted his administrative remedies.

As directed by this Court, McKinney re-served his complaint upon Defendants along with the Bitner letter.  Defendants moved to dismiss, again arguing that McKinney failed to exhaust administrative remedies.  Treating the Bitner letter as evidence outside the pleadings, the District Court construed the Defendants' motion as one for summary judgment.  In a memorandum opinion and order dated April 8, 2004, the District Court found McKinney's claims had not been exhausted because, although McKinney had filed an initial administrative grievance, that grievance did not concern the December 1999 assaults underlying his § 1983 complaint.[1]  The District Court also rejected McKinney's argument that he was prevented from exhausting the claims because of the misconducts issued against him, finding that McKinney should have, but did not, pursue administrative remedies concerning those misconducts.

However, in that same memorandum, the District Court credited McKinney's

---

[1] Rather, that grievance complained of a different assault against McKinney by Defendant Guthrie that allegedly occurred in February 2000.

4

argument that prison officials had thwarted his efforts to pursue administrative remedies concerning the misconducts, finding that this allegation raised a triable issue concerning whether administrative remedies were actually "available" to him. In addition, the District Court found that, although McKinney did not raise his claims concerning the assaults in his initial grievance, prison authorities may have allowed him to amend the grievance on appeal to incorporate at least some of those claims. Therefore, according to the District Court, there was a question of fact concerning whether prison authorities had ultimately subjected McKinney's claims to final administrative review, thereby waiving the exhaustion requirement. These disputed issues precluded summary judgment on the administrative exhaustion issue, and the District Court denied the Defendants' motion on that basis.

However, on March 20, 2007, after a pre-trial conference, the District Court issued a sua sponte order reversing its prior denial of summary judgment. The District Court stated, without further elaboration, that "[a]fter further review of the record and the past briefs, it is this court's ruling that administrative remedies have not been exhausted as to Defendants Zihmer, Wise, Stender, and Bloor. Therefore, they are dismissed."

The State contends the District Court reversed its prior decision on the exhaustion issue because it accepted the argument, raised for the first time in the State's pretrial memorandum, that McKinney had procedurally defaulted his claims by failing to strictly

adhere to the prison's grievance procedures.[2]  However, this is no more than conjecture. The parties did not fully brief the procedural default issue[3] and the District Court does not indicate that it found the State's logic persuasive.  Indeed, the District Court did not provide its reasoning at all, and thus failed to conform with our direction in Vadino v. A. Valey Engineers, 903 F.2d 253, 259 (3d Cir.1990), that "grants of summary judgment ... [should be accompanied] with an explanation sufficient to permit the parties and this court to understand the legal premise for the court's order."  See also Caprio v. Bell Atlantic Sickness and Accident Plan, 374 F.3d 217, 220 (3d Cir. 2004).

Although we may determine this matter on the merits without remanding, see Vadino, 903 F.2d at 259-60, our review of the record leads us to conclude that, in the first instance, it would be more appropriate for the District Court to provide the reasons underlying its decision.  See Gillis v. Hoechst Celanese Corp., 4 F.3d 1137, 1149 (3d Cir. 1993).  We therefore will vacate the District Court's order to the extent that it dismissed the claims against Defendants Zihmer, Wise, Stender, and Bloor for McKinney's failure to exhaust administrative remedies, and will remand the issue to the District Court for further proceedings.

---

[2] Contrary to the State's arguments, the decisions in Woodford v. Ngo, 548 U.S. 81 (2006) and Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004), do not dictate the outcome on this issue.  Neither case addresses the District Court's previous grounds for denying summary judgment – i.e., whether a remedy is actually "available" under 42 U.S.C. § 1997e(a), and whether prison authorities may waive the exhaustion requirement under certain circumstances.  See Camp, 219 F.3d at 280-81.

[3] McKinney's pre-trial memorandum did not address the procedural default argument.

6

### B. Summary Judgment in Favor of Defendant Ward

Summary judgment is appropriate where the moving party shows "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To avoid summary judgment, McKinney could not rest on allegations in the complaint, and was required to "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). We exercise plenary review over the District Court's grant of summary judgment in favor of Defendant Ward. See Williams v. Consovoy, 453 F.3d 173, 178 (3d Cir. 2006).

The District Court found that no genuine issue of material fact existed regarding McKinney's claims against Defendant Ward because the documentary evidence McKinney presented in opposition to summary judgment – including various declarations and affidavits – did not substantiate McKinney's claim that Ward directed the other Defendants to assault him.[4] McKinney has not directed us to any such evidence, and our review of the record reveals none. We therefore will affirm the District Court's April 3, 2007, judgment to the extent that it granted summary judgment on this claim.

### C. Jury Verdict in Favor of Defendant Guthrie

The sole issue to proceed to trial was McKinney's claim against Guthrie under the

---

[4] The District Court discussed its findings in its memorandum opinion and order of December 8, 2006, but deferred entering judgment until April 3, 2007.

Eighth Amendment. At trial, McKinney was represented by counsel. He presented four witnesses in addition to his own testimony, and had the opportunity to cross-examine the three defense witnesses. After two days of proceedings, the jury returned a verdict in Guthrie's favor.

Neither McKinney's opening brief nor his reply brief specifies any error in the trial proceedings. We have reviewed the trial transcripts and find no basis for overturning the jury's verdict. We therefore will affirm the judgment in favor of Guthrie on McKinney's Eighth Amendment claim.

### D. Denial of Discovery Request

Finally, McKinney claims that the District Court erred in denying his motion for discovery. We note that "matters of docket control and conduct of discovery are committed to the sound discretion of the trial court." In re Fine Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). McKinney argues that, because he is a pro se litigant, the District Court should have excused him from following the local rule requiring submission of a supporting brief within ten days of a motion. We disagree. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Indeed, we are doubtful of McKinney's claim that he was unaware of the supporting brief requirement. On May 6, 2004, the day that McKinney filed his motion

8

for discovery, he also filed a motion for production of documents which was accompanied by the required brief in support. Moreover, once the Court issued its January 10, 2005, order setting forth the briefing requirement, McKinney could no longer claim ignorance of the rule. Yet McKinney did not renew the discovery request or attempt to file any supporting brief. Thus, we find no abuse of discretion in the District Court's order deeming McKinney's motion for discovery withdrawn due to his failure to submit a supporting legal brief.

## III. Conclusion

For the foregoing reasons, we will vacate the District Court's order entered March 20, 2007, to the extent that it granted summary judgment in favor of Defendants Zihmer, Wise, Stender, and Bloor for McKinney's failure to exhaust administrative remedies, and will remand this matter for further proceedings. We will affirm the District Court's orders and judgments entered April 3, 2007, in all other respects.