**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2236
_____

HARISADHAN PATRA; PETULA VAZ,
Appellants

v.

PENNSYLVANIA STATE SYSTEM OF HIGHER EDUCATION; BLOOMSBURG
UNIVERSITY OF PENNSYLVANIA; FRANK T. BROGAN, individually and in his
official capacity as Chancellor; DAVID SOLTZ, individually and in his official capacity
as President of Bloomsburg University; RICHARD ANGELO; JORGE E. GONZALEZ;
IRA BLAKE; ROBERT P. MARANDE; THOMAS R. ZALEWSKI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:14-cv-02265)
District Judge: Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 8, 2019
Before: KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 12, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Pro se appellants Harisadhan Patra and Petula Vaz appeal from the District Court's denial of their motion for sanctions for fraud upon the court and its grant of summary judgment to the defendants. For the reasons detailed below, we will affirm the Court's order denying sanctions, but we will vacate the order granting summary judgment and will remand for further proceedings.

I.

Because we write primarily for the benefit of the parties, we will recite only the facts necessary for our discussion. The plaintiffs, who are married and originally from India, were hired by Bloomsburg University as professors in August 2010. As non-tenured professors, the plaintiffs were evaluated on an annual basis. After having several disputes with the defendants regarding budgets, financial support, and other aspects of their employment contracts, the plaintiffs alleged that some of the defendants made insensitive and inappropriate statements on several occasions regarding their race (or national origin) and religion. Also, the plaintiffs alleged that the defendants had fabricated or falsified the graduation statistics of the department. In May 2013, the plaintiffs sent an email regarding the graduation statistics to the faculty in the department and the president of the University.

Ultimately, the defendants declined to renew the plaintiffs' employment contracts in May 2014. The defendants explained that the decision not to renew the plaintiffs'

constitute binding precedent.

2

contract was based on the plaintiffs' declining student evaluations and failure to comply with contractual obligations (specifically, the obligation to publish scholarly papers). Before and after their termination, the plaintiffs filed numerous EEOC complaints.

In November 2014, the plaintiffs, initially represented by counsel,[1] filed a complaint in the District Court against the defendants, raising Title VII claims of discrimination based on their race (Indian), national origin (India), and religion (Hindu), and retaliation, as well as a claim of harassment/hostile work environment and a violation of the First Amendment. The plaintiffs also raised numerous state law claims. During the discovery stage, the plaintiffs filed a motion for sanctions of default judgment for fraud upon the court, arguing, inter alia, that the defendants falsified and tampered with evidence. The District Court denied the motion. After the parties completed discovery, the defendants moved for summary judgment. The District Court concluded in a cursory opinion that the plaintiffs had failed to point to evidence in support of their claims and thus granted summary judgment to the defendants. The plaintiffs appeal.

## II.[2]

A. Defendants' Motion for Summary Judgment

We exercise plenary review over the District Court's grant of summary judgment. See Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010). Summary

---

[1] Over the course of the proceedings, the plaintiffs were represented by numerous attorneys and law firms. Eventually, the plaintiffs decided to proceed pro se.

3

judgment is warranted when, drawing all reasonable inferences for the non-movant, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  See id.; Fed. R. Civ. P. 56.

We conclude that the District Court erred here in two respects.  First, the Court granted judgment to the defendants because the plaintiffs failed to "point to 'specific facts showing that there is a genuine issue for trial.'"  Op. at 4 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).  However, contrary to the District Court's conclusion, the plaintiffs' counterstatement of facts is replete with citations to record materials.

For instance, the Court stated that the plaintiffs had "fail[ed] to explain what 'adverse employment actions' were taken by Defendants."  Op. at 4.  In fact, the plaintiffs alleged numerous adverse actions in their counterstatement of facts, including, among many other things, being (a) prevented from teaching in their specialty areas and assigned unreasonable class schedules, (b) denied functional laboratories and funds from grants, (c) refused relocation payments, (d) given unwarranted negative evaluations, and (e) let go from the university.  See Counterstatement of Facts ¶¶ 358-359.  These allegations are consistently supported by citations to deposition transcripts and exhibits.

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291.

Thus, the District Court erred in ruling that the plaintiffs failed to support their claims with citations to the record.[3]

Second, the District Court's analysis of the plaintiffs' claims is inadequate. Even in a case (unlike this one) where a plaintiff does not respond in any way to a defendant's motion for summary judgment, before granting summary judgment, the Court must consider whether "the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). The District Court did not perform even that analysis here, mentioning only a few claims and then disposing of the plaintiffs' numerous remaining claims in a single sentence stating, "All of Plaintiffs' other claims are similarly unsupported." Op. at 4. Especially in a case like this one, with a lengthy and complicated factual record, the Court must provide a more fulsome analysis of plaintiffs' claims. See, e.g., Caprio v. Bell Atl. Sickness & Accident Plan, 374 F.3d 217, 220 (3d Cir. 2004).

---

[3] These citations appear mainly in the plaintiffs' counterstatement of facts rather than their brief in response to the defendants' motion for summary judgment. Nothing in this opinion minimizes the importance of compliance with the filing rules set forth in Fed. R. Civ. P. 56 and the accompanying Local Rules. Nevertheless, particularly because the plaintiffs are pro se, the fact that they presented their citations in a counterstatement of facts rather than in a brief is not fatal to their case. See generally Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013) ("we tend to be flexible when applying procedural rules to pro se litigants").

Accordingly, we will vacate the District Court's order granting summary judgment to the defendants and remand the matter to allow the District Court to consider the plaintiffs' claims in full.

B. Plaintiffs' Motion for Sanctions of Default Judgment for Fraud Upon the Court

We conclude that the District Court did not abuse its discretion in declining to sanction the defendants in relation to the discovery process. See Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994). The plaintiffs argued that the defendants committed fraud on the Court by, inter alia, falsifying documents and data, providing false interrogatory answers, and fabricating relevant information. The District Court reviewed each of their allegations, and we agree that the plaintiffs failed to meet the demanding standard to show fraud upon the court. See Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005) (explaining that the standard requires a showing of: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court"). Although the plaintiffs contended that the defendants fabricated evidence, they have not provided proof of their bold assertion. Thus, the District Court properly denied the motion. See Schmid, 13 F.3d at 79.

Accordingly, we will affirm the District Court's order denying the plaintiffs' motion for sanctions, vacate its order granting summary judgment to the defendants, and remand for further proceedings consistent with this opinion.

6